IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 4:06-cr-428-02 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| RAY DEAN COLBURN, | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### December 16, 2009

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before the Court is the Defendant Ray Dean Colburn's ("Defendant" or "Colburn") Objection to his classification as a career offender within the Presentence Investigation Report ("PSR"). This objection has been fully briefed by the Defendant and the Government and is therefore ripe for our review. For the reasons that follow, we shall overrule the Defendant's objection to his classification as a career offender.

**I. PROCEDURAL HISTORY**

On July 16, 2007, Defendant pled guilty to Count One of the Superseding Indictment, charging him with a violation of 21 U.S.C. § 846, Conspiracy to Distribute and Possess with Intent to Distribute at Least 5 Kilograms of Cocaine

1

Hydrochloride. The United States Probation Office prepared a PSR, and a pre-sentence conference was held on September 29, 2009 to discuss the Defendant's objections to the PSR and set a briefing schedule. It was agreed at the pre-sentence conference that the parties would first brief the Defendant's objection to his classification as a career offender, inasmuch as the materiality of the Defendant's other objections to the PSR shall be determined by our disposition of the career offender objection.

Defendant's main objection is to the career offender classification contained in paragraph 27 of the PSR. Paragraph 27 states, in relevant part,:

> Pursuant to U.S.S.G. § 4B1.1, the defendant is considered a career offender because he was at least eighteen years old at the time of the instant offense, the instant offense is a felony controlled substance offense, and the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense (see <u>Adult Criminal Convictions</u> section) . . .

Defendant argues that the predicate convictions to the career offender status contained in paragraphs 33 and 38 of the PSR should be treated as being a single offense, and thus, the career offender classification has been inappropriately applied in the PSR.

### III. DISCUSSION

Pursuant to the Sentencing Guidelines, a defendant is properly classified as

a career offender if he: (1) was at least eighteen years old when the instant offense occurred; (2) the instant offense of conviction is a violent felony or a controlled substance offense; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). The first and second requirements of the classification are satisfied and are not at issue here. Defendant was 46 years old at the time of the instant offense and the instant offense of conviction is a controlled substance offense.[1]

At issue here is the third element of the career offender requirement. To resolve Defendant's objection, we must determine whether Colburn "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(2)

According to Paragraph 33 of the PSR, on February 2, 1991, Colburn was arrested for Possession with Intent to Deliver Marijuana, and pled guilty to that offense on October 9, 1991.[2] He received a five year probation term, which was

---

[1] A "prior felony conviction" is any "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 cmt. n. 1.

[2] In his Reply (Doc. 379), Colburn argues, for the first time, that Paragraph 33 cannot be treated as a predicate offense for the career offender classification because he did not "factually plead guilty to Possession with Intent to Deliver." (Doc. 379, p. 2). In support of his argument, Colburn attaches the "Plea of Guilty Summary of Facts" from the Oklahoma Court where he was charged and pled guilty. Specifically, Colburn responded "Yes" to the question "Did you commit the acts as charged in the information," and goes on to state "I was in poss [*sic*] of

3

revoked on April 6, 1995, resulting in a five year term of imprisonment imposed on May 15, 1996. Paragraph 38 states that Colburn was arrested on May 12, 1995 and, thereafter, he pled guilty to Possession with intent to Distribute Marijuana and Driving Under Suspension. Colburn received a 30-year imprisonment term on this second drug felony. As the Government correctly notes, the *only* connection between the offenses enumerated in Paragraphs 33 and 38 of the PSR is that after Colburn was sentenced on the second case to 30 years imprisonment, he received a concurrent five-year term for the revocation of probation on the first case.

Pursuant to U.S.S.G. § 4A1.2(a)(2), "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). It is evident here that the second arrest (Paragraph 38) occurred four years after the arrest on the first drug felony (Paragraph 33). Accordingly, Colburn's argument that the career offender predicate offenses contained in Paragraphs 33 and 38 should be treated as a single offense is unavailing.

---

marijuana and paraphernalia and also guilty of driving intoxicated and *am guilty of these charges*." (Doc. 379, Att. 3, p. 3)(emphasis added). The document clearly indicates that Colburn is pleading guilty to Possession with Intent to Deliver and Colburn did, in fact, admit his guilt to "these charges." Colburn has not presented the Court with any evidence that he has directly or collaterally attacked this conviction. Thus, his argument that Paragraph 33 must be disregarded as a predicate career offender offense is rejected.

Defendant also argues that because his initial drug felony conviction (Paragraph 33) occurred more than ten years before the commencement of the instant offense, the conviction contained in Paragraph 33 may not be used as predicate offense for career offender classification pursuant to U.S.S.G. § 4A1.2(e)(2).

To evaluate the Defendant's argument, a full reading of U.S.S.G. § 4A1.2(e) is necessary. That section states,

> (e) **Applicable Time Period.**
>
> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
>
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted . .

Colburn is apparently contending that the conviction contained in Paragraph 33 is considered an "other prior sentence," and thus because he was sentenced more than ten years earlier than the instant offense, the offense contained in Paragraph 33 cannot be counted. However, what Colburn does not recognize in making this argument is the import of U.S.S.G. § 4A1.2(k) which provides, in pertinent part:

5

(k) **Revocations of Probation, Parole, Mandatory Release, or Supervised Release.**

    (1)    In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a)(b) or (c) as applicable.

    (2)    (B)    Revocation of probation, parole, supervised release, special parole, or mandatory release may affect the time period under which certain sentences are counted as provided in § 4A1.2(d)(2) and (e). For purposes of determining the applicable time period, use the following: (i) in the case of an adult term of imprisonment totaling more than one year and one month, the date of last release from incarceration on such sentence (see § 4A1.2(e)(1); (ii) in the case of any other confinement sentence for an offense committed prior to the defendant's eighteenth birthday, the date of the defendant's last release from confinement on such sentence . . .; and (iii) in any other case, the date of the original sentence. . .

Further, Application Note 11 to § 4A1.2(k) instructs: "[s]ection § 4A1.2(k) covers revocations of probation . . . where the original term of imprisonment imposed, if any, did not exceed one year and one month. Rather than count the original sentence and the resentence after revocation as separate sentences, the sentence

6

given upon revocation should be added to the original sentence of imprisonment, if any, and the total should be counted as if it were one sentence."

Thus, because Colburn's probation was revoked with respect to the conviction contained in Paragraph 33, and he was sentenced to five years imprisonment, he does not qualify as having an "other sentence" under U.S.S.G. § 4A1.2(e)(2). Instead, the five year sentence received by Colburn when his probation was revoked puts him in U.S.S.G. § 4A1.2(e)(1), and permits sentences up to fifteen years prior to the instant offense to be counted. The conviction in Paragraph 33 occurred in 1991, Colburn's probation was revoked in 1996 and he was ultimately sentenced to five years after the probation revocation. He was released from prison in or about 2000 or 2001.[3] In the instant action, Colburn was indicted in 2006 for conspiracy conduct that was alleged to have occurred beginning in or around January 2004. Thus, Colburn's release date was well within the fifteen year period applicable under the Sentencing Guidelines. Accordingly, the offense contained in Paragraph 33 is appropriately considered a predicate offense for the career offender classification pursuant to U.S.S.G. § 4A1.2(e).

---

[3] The Probation Officer has been unable to verify Colburn's exact release date from incarceration with respect to the offense contained in Paragraph 33. However, inasmuch as the release date is well within the applicable fifteen year range, the exact date is of no moment.

## IV. CONCLUSION

Based on the foregoing, the Defendant's objection to his classification as a career offender as contained in the PSR is overruled.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendant's objection to his classification as a career offender, as contained within paragraph 27 of the PSR, is **OVERRULED.**

2. Defendant's counsel shall indicate, by letter filed on the docket, whether any other objections to the PSR remain outstanding, or if all other objections are withdrawn. The letter shall be filed within ten (10) days of this Order.

s/ John E. Jones III
John E. Jones III
United States District Judge
